**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-cv-01211-PSF-CBS

RONALD JENNINGS FOGLE,
    Plaintiff,
v.

CAPTAIN PIERSON, C. DOC, a Committee Member and Chairperson at (D.R.D.C.);
WILLIAM BOKROS, C. DOC, Administrative Head/Director at (D.R.D.C);
GEORGE MESKIMEN, Lt., C. DOC, Initiating Employee at (D.R.D.C.);
FOSNOT, C. DOC, Case Manager, Committee Member of (D.R.D.C.);
S. EGAN, C. DOC, Case Manager, Committee Member at (D.R.D.C.);
LT. NORTON, C. DOC, Programmer at D.R.D.C.;
UNKNOWN DEFENDANT #1, C. DOC, Correctional Officer at (D.R.D.C.);
UNKNOWN DEFENDANT #2, C. DOC, Correctional Officer at (D.R.D.C.);
UNKNOWN DEFENDANT #3, C. DOC, Correctional Officer at (D.R.D.C.);
JOHN R. CLARKSON, C. DOC, Committee Member at (S.C.F.);
C. WIERZBICKI, C. DOC, Committee Member at (S.C.F.);
MCMONAGLE, C. DOC, Case Manager, Committee Member at (S.C.F.);
PAUL WILLIAMS, C. DOC, Committee Member at (S.C.F.);
T. CHASE, C. DOC, Administrative Head at (S.C.F.);
NICKELS, C. DOC, Case Manager, Committee Member at (S.C.F.);
M. EMILY, C. DOC, Administrative Head at (C.S.P.);
CATHY SLACK, C. DOC, Administrative Head at (C.S.P.);
V. RIDDLE, C. DOC, Committee Chairperson at (C.S.P.);
J. HUNTER, C. DOC, Case Manager, Committee Member at (C.S.P.);
J. CARROLL, C. DOC, Committee Chairperson at (C.S.P.);
D. COMB, C. DOC, Case Manager, Committee Member at (C.S.P.); and
JOE ORTIZ, C. DOC, Executive Director,
    Defendants.

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
ON DEFENDANTS' MOTIONS TO DISMISS**

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on the Motion to Dismiss filed by Defendant Ortiz

1

on June 16, 2006 (doc. # 35), and the Combined Motion to Dismiss in Part filed on June 16, 2006 by Defendants Pierson, Bokros, Meskimen, Fosnot, Norton, Clarkson, Wierzbicki, McMonagle, Nickels, Slack, Hunter, Carroll, Comb and Egan [hereinafter "the Joint Defendants"] (doc. # 36). Ortiz has moved to dismiss all claims asserted against him in this action. To the extent that he has been sued in his individual capacity, Ortiz argues that those claims must be dismissed in the absence of any averment that he personally participated in the alleged constitutional violations. In addition, Ortiz argues that any claim asserted against him in his official capacity is barred by the Eleventh Amendment and the doctrine of sovereign immunity. The Joint Defendants invoke the same sovereign immunity defense in their motion for partial dismissal. On December 12, 2006, Plaintiff Fogle filed virtually identical "Reply Briefs" (docs. # 60 and doc. # 61) in response to the pending motions to dismiss.

This case was assigned to the Magistrate Judge on April 17, 2006. Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may designate a magistrate judge to "submit . . . proposed findings of fact and recommendations for the disposition . . . of any motion [for summary judgment][or motion to dismiss]." The instant motions were referred to the Magistrate Judge on June 19, 2006. The court has reviewed the pending motion and related briefs, the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises. The court does not believe that oral argument would assist its evaluation of the arguments raised by the parties. As further explained in this Recommendation, the court recommends that Ortiz' Motion to Dismiss and the Joint Defendants' Combined Motion to Dismiss in Part be granted.

## FACTUAL BACKGROUND

At the time he filed his *pro se* Complaint on June 30, 2005, Fogle was an inmate at Limon

Correctional Facility in Limon, Colorado.[1] Fogle's Complaint alleges various constitutional violations, all occurring during a three-year period while he was held in administrative segregation at three different state prisons in Colorado. Fogle contends that he was placed in administrative segregation in retaliation for embarrassing Department of Corrections (hereinafter "DOC" or "the Department") officials in May 1999. Fogle escaped from the Denver County Jail on May 30, 1999. According to Fogle, the route of his escape passed in front of the Denver Reception and Diagnostic Center (DRDC), which is a facility operated by the Department of Corrections. Fogle maintains that media coverage of his escape cast the Department of Corrections in an unfavorable light, since DOC employees allegedly failed to notice that an county inmate was walking down the road. In the wake of this incident, Fogle initially was placed in administrative segregation at DRDC, and then held in administrative segregation at the Sterling Correctional Facility from September 2000 until April 2002, and at the Colorado State Penitentiary from April 2002 until August 2003. Fogle contends that while in administrative segregation, he was confined to his cell 23 hours a day for five days a week and 24 hours a day for the other two days each week, and was denied access to the telephone, showers, outdoor exercise, the law library and programs offered to general population inmates. Fogle was transferred to Limon Correctional Facility on March 9, 2004. It appears that upon his arrival at Limon Correctional Facility, Fogle was no longer held in administrative segregation and joined the general prison population. *See* Supplemental Prisoner Complaint (doc. # 58-2), at p. 12.

Fogle has named as Defendants various DOC employees assigned to DRDC, Sterling

---

[1] Fogle is now confined at Crowley County Correctional Facility, in Olney Springs, Colorado. *See* Plaintiff's Motion for Permission to File an (sic) Supplemental to the Original Prisoner Complaint (doc. # 58) at p. 2 and Supplemental Prisoner Complaint (doc. # 58-2) at p. 2.

Correctional Facility and the Colorado State Penitentiary. Fogle also has asserted claims against the Department's Executive Director, Joe Ortiz. The Complaint alleges that the Defendants committed the enumerated violations "in their individual and official capacities."

On August 16, 2005, Senior District Judge Zita Weinshienk dismissed the Complaint and this action as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Judge Weinshienk construed the Complaint to include six claims for relief: (1) retaliation for his May 1999 escape; (2) double jeopardy as a result of being punished twice for that escape; (3) a due process violation because his administrative segregation determinations were made by biased officials; (4) cruel and unusual punishment because he was denied outdoor exercise while in administrative segregation; (5) a due process violation because he was denied the opportunity to earn "good time credits" while in administrative segregation; and (6) an equal protection violation because he was treated differently than other inmates during his placement in administrative segregation. In its Order and Judgment of Dismissal, the District Court found that

> with the exception of the final two months of Mr. Fogle's placement in administrative segregation at CSP, the complaint is barred by the statute of limitations because the claims arose more than two years before the instant action was filed. The Court also finds that Mr. Fogle fails to allege facts to demonstrate a violation of his constitutional rights.

Fogle filed a Notice of Appeal on August 25, 2005.

On March 27, 2006, the Tenth Circuit affirmed in part and reversed in part the judgment of the District Court. *Fogle v. Pierson*, 435 F.3d 1252, 1256 (10th Cir. 2006). With regard to the statute of limitations issue, the appellate court concluded that the doctrine of equitable tolling might be applicable in this case, given Fogle's allegations that he was confined to a cell for all but five hours a week, and denied all access to law library clerks or prison lawyers. *Fogle*, 435 F.3d

at 1258-59.  The Tenth Circuit affirmed the dismissal of Fogle's equal protection claims

> first, that, during his time in administrative segregation, he was treated differently than inmates in the general prison population; second, that he was treated differently than others who committed "walk-away" escapes and were not placed in administrative detention; and third, that he was treated differently than other similarly situated inmates in administrative segregation.

*Fogle*, 435 F.3d at 1260-61.  The appellate court also affirmed the dismissal of Fogle's double jeopardy claim and his due process claim relating to the denial of "earned time credits," finding that those claims lacked merit.  *Fogle*, 435 F.3d at 1261-62.  The Tenth Circuit reversed, however, the District Court's dismissal of Fogle's due process claim challenging his administrative segregation placement and his Eighth Amendment claim that he was improperly denied any form of outdoor exercise while in administrative segregation.  *Fogle*, 435 F.3d at 1259-60.

On appeal, Fogle also argued that the District Court had failed to address several claims raised in his Complaint.  As to these unaddressed claims, the Tenth Circuit concluded that there was an "arguable basis either in law or in fact" for Fogle's claim that (1) DOC officials retaliated against him based on his filing administrative grievances; (2) he was denied all opportunity for "Christian fellowship" while in administrative segregation; (3) he was denied access to the law library, law library clerks and jailhouse lawyers to assist him in preparing this case.  *Fogle*, 435 F.3d at 1263-65. The Tenth Circuit concluded its March 27th opinion by ruling that

> Fogle raises five claims that have an arguable basis in law or fact and thus survive dismissal under § 1915(e)(2)(B)(i): his claim that he was not given proper due process before being assigned to administrative segregation; his claim of cruel and unusual punishment stemming from the denial of all outdoor recreation for three years; his claim of retaliation for the exercise of his First Amendment rights; his claim of denial of "Christian fellowship;" and his claim of denial of access to the law library.

*Fogle*, 435 F.3d at 1265.  This case was remanded to the District Court for further proceedings in

accordance with the Tenth Circuit's opinion. *Fogle*, 435 F.3d at 1265. Thereafter, Ortiz and the Joint Defendants filed the instant motions to dismiss.

## ANALYSIS

Defendants, in their separate motions, contend that any claims asserted against Defendants in their official capacity must be dismissed pursuant to the Eleventh Amendment and the doctrine of sovereign immunity. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (an assertion of the Eleventh Amendment implicates the subject matter jurisdiction of the district court). Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a motion to dismiss may be granted if the court does not have subject matter jurisdiction over the matter. The determination of subject matter jurisdiction is a threshold question of law. *Madsen v. United States ex. rel. United States Army Corps of Engineers*, 841 F.2d 1011, 1012 (10th Cir. 1987). The court applies a rigorous standard of review when presented with a motion to dismiss for lack of subject matter jurisdiction. *Consumers Gas & Oil, Inc. v. Farmland Indus. Inc.*, 815 F. Supp. 1403, 1408 (D. Colo. 1992). "[T]he party invoking federal jurisdiction bears the burden of proof." *Marcus v. Kansas Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

"Motions to dismiss pursuant to Rule 12(b)(1) may take two forms." *Amoco Production Co. v. Aspen Group*, 8 F. Supp.2d 1249, 1251 (D. Colo. 1998). First, a party may attack the facial sufficiency of the complaint and the court must accept the allegations of the complaint as true. *Id.* Second, a party may attack the factual assertions regarding subject matter jurisdiction through affidavits and other documents and the court "has wide discretion to allow affidavits, other documents and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). The present motion

appears to be in the nature of a facial attack, wherein the court must accept the allegations in the complaint as true.

Ortiz also has moved to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6), arguing that Fogle has failed to assert a claim against him in his individual capacity for which relief may be granted. A dismissal under Rule 12(b)(6) will be upheld when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting all well pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff. *Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 896-97 (10th Cir. 1997). *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (to dismiss an *in forma pauperis* complaint, a district court must find that complaint "lacks an arguable basis either in law or in fact").

While *pro se* pleadings should be construed liberally and held to a less stringent standard than formal proceedings drafted by lawyers, *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991), that standard does not override a *pro se* plaintiff's responsibility to provide a simple and concise statement of his claims and the specific conduct that gives rise to each asserted claim. *Cf. Willis v. MCI Telecommunications*, 3 F. Supp.2d 673, 675 (E.D. N.C.), *aff'd* 161 F.3d 5 (4th Cir. 1998). This court cannot be a *pro se* litigant's advocate. *Hall v. Bellmon*, 935 F. 2d at 1110. The court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint").

     A.    <u>Claims Against Defendants in their Official Capacities</u>

To the extent that Fogle is suing Defendants in their official capacities, he is in reality attempting to impose liability on their employer, the Colorado Department of Corrections. *See Branson School District RE-82 v. Romer*, 161 F.3d 619, 631 (10th Cir. 1998). *See also Smith v. Plati*, 56 F. Supp.2d 1195, 1202 (D. Colo. 1999( ("a suit against a government employee in his official capacity [is] tantamount to a suit against the government entity itself"). A suit against a state official in his or her official capacity is treated as a suit against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Absent a waiver, the Eleventh Amendment forbids a suit for damages against a state in federal court.[2] *Ambus v. Granite Board of Education*, 995 F.2d 992, 994 (10th Cir. 1993) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). Eleventh Amendment immunity extends to the states themselves and to those governmental entities that are "arms of the state." *Ambus v. Granite Board of Education*, 995 F.2d at 994. States, state officials sued in their official capacities, and governmental entities that are considered "arms of the state" are not "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). Such entities cannot be sued for monetary damages arising from alleged conduct which deprives a plaintiff of his or her civil liberties. The Colorado Department of Corrections is an arm of the state and entitled to Eleventh Amendment immunity. If the Eleventh Amendment applies, it confers total immunity from suit, not merely a defense to liability. *Ambus*

---

    [2]    "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity. *Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988).

*v. Granite Board of Education*, 995 F.2d at 994 (citation omitted).  All claims for money damages brought against the Defendants in their official capacities must be dismissed.

Fogle argues in his Reply briefs that dismissal of claims against Defendants in their official capacities is improper because his Complaint can be fairly construed to encompass a prayer for injunctive relief.  In support of this position, Fogle points to the last sentence in his Prayer for Relief, which broadly asks for "any and such other relief this Court may deem appropriate, just and proper."  The Eleventh Amendment bars imposition of any liability which must be paid from public funds in the state treasury.  *Quern v. Jordan*, 440 U.S. 332, 336 (1979).  However, under the *Ex parte Young* doctrine, "when an official of a state agency is sued in his official capacity for prospective equitable relief, he is generally not regarded as 'the state' for purposes of the Eleventh Amendment and the case may proceed in federal court."  *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1188 (10th Cir. 1998) (citing *Ex parte Young*, 209 U.S. 123, 158-59 (1908)). Under these narrow circumstances, "official-capacity actions for prospective relief [against state officials] are not treated as actions against the State."  *Id.* at 1188, n. 10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985)).  However, "[t]his narrow exception requires that there "'be an ongoing violation of federal law' and that it apply 'only to prospective relief' and not 'to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past.'"  *Clark v. Stovall*, 158 F. Supp.2d 1215, 1221 (D. Kan. 2001) (citing *Buchwald v. University of New Mexico School of Medicine*, 159 F.3d 487, 495 (10th Cir. 1998)).

"When interpreting . . . pro se papers, the Court should use common sense to determine what relief the party desires."  *SEC v. Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992), *rev'd in part on other grounds,* 998 F.2d 922 (11th Cir. 1993).  However, even under the most expansive

interpretation, Fogle's Complaint cannot be construed to encompass a request for prospective injunctive relief. Fogle's allegations clearly describe conduct that occurred entirely in the past. It appears that Fogle is no longer in administrative segregation and, thus, is not being subjected to the constitutional violations alleged in his Complaint. *Cf. Brown v. Harris*, 2006 WL 2846472, * 3-4 (D. Colo. 2006) (declining to find that plaintiff's allegations came within the *Ex parte Young* doctrine where plaintiff was not suffering an ongoing violation of federal law), *Report and Recommendation rejected in part on other grounds*, 2006 WL 2846467 (D. Colo. 2006). Fogle alleges that Defendants' past conduct caused mental, physical and emotional injuries for which he specifically requests compensatory, exemplary and punitive damages, as well as an award of attorneys fees and costs. *Cf. Calderon v. Kansas Department of Social and Rehabilitation Services*, 181 F.3d 1180, 1183-84 (10th Cir. 1999) (in affirming the district court's dismissal of plaintiff's damage claims under the Eleventh Amendment, concluded that plaintiff's "allegations provided no indication that prospective injunctive relief would ameliorate the alleged violations, which had already occurred"). The Tenth Circuit has acknowledged that a boilerplate request for "just and proper" relief at the conclusion of a complaint does not convert a legal cause of action into a legitimate request for equitable relief. *Frazier v. Simmons*, 254 F.3d at 1254 (citing *Rosen v. Cascade International, Inc.*, 21 F.3d 1520, 1526 n. 12 (11th Cir. 1994)). Fogle's allegations of purely past violations and his amorphous request for "any and such other relief this Court may deem appropriate, just and proper" do not support an application of the *Ex parte Young* doctrine in this case. *Compare Romero v. City and County of Denver Department of Social Services*, 57 Fed. Appx. 835, 837-38 (10th Cir. 2003) (finding that plaintiff's allegations did not warrant application of the *Ex parte Young* doctrine where the complaint did "not even mention the word

'equitable' in the relief requested") and *Frazier v. Simmons*, 254 F.3d 1247, 1254 (10th Cir. 2001) (allowed plaintiff to go forward with claims for prospective injunctive relief where the complaint and final pretrial order specifically requested "just and equitable relief"). On this basis, Fogle's official capacity claims against Ortiz and the Joint Defendants should be dismissed.

B.  Claims Against Defendant Ortiz in his Individual Capacity

In suing Ortiz in his individual capacity, Fogle summarily asserts that Ortiz "is accountable for all defendants' actions or omissions" by virtue of his position as Executive Director of the Department of Corrections. *See* Plaintiff's Reply Brief to Ortiz' Motion to Dismiss, at 8. However, a defendant may not be held liable merely because of his or her supervisory position. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). *See also Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (noting that "§ 1983 could not be interpreted to incorporate doctrines of vicarious liability"). Personal participation is an essential allegation in a civil rights action. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (citing *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976)). To establish personal participation, a plaintiff must show that the defendant caused the deprivation of a federal right. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and the defendant's own participation, control or direction, or failure to supervise. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). An individual personally participates in the deprivation of a constitutional right if (a) he participates directly in the constitutional violation, (b) he acts or fails to act with reckless disregard of the plaintiff's constitutional rights, or (c) the conduct that deprived the plaintiff of his constitutional rights occurred at the official's direction or

11

with his knowledge and consent. *See Smith v. Rowe,* 761 F.2d 360, 269 (7th Cir.1985). A plaintiff must both allege in the complaint and prove at trial an affirmative link between the alleged constitutional violation and a defendant's participation. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001).

The court has carefully reviewed the Complaint and finds that the only reference to Ortiz appears in the list of "parties." *See* Complaint, at p. 6. Notwithstanding the deferential standard accorded *pro se* litigants, conclusory allegations are insufficient to state a claim for which relief may be granted under § 1983. *Schroeder v. Kochanowski*, 311 F. Supp.2d 1241, 1249 (D. Kan. 2004). Here, Fogle broadly alleges that "all defendants listed known as DOC Colorado correctional officials or officers have deprived or violated" his constitutional rights. *See* Complaint, at p. 21. Yet, the Complaint does not set forth any facts to indicate or even imply that Ortiz participated directly in or had any direct knowledge of the alleged constitutional violations.[3] *Cf. Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294-95 (3rd Cir. 1997) (in § 1983 suit, mere inaction will not support an inference of "acquiescence" in a constitutional violation where the government official has no actual supervisory authority over the wrongdoer).

The Complaint alleges generally that Fogle wrote several "complaints to DOC Headquarter (sic)." *See* Complaint, at p. 18. However, Fogle cannot establish Ortiz' personal involvement based merely on the fact that unnamed DOC officials received correspondence regarding the alleged misconduct. *Cf. Watson v. McGinnis*, 964 F. Supp. 127, 130 (S.D.N.Y. 1997) (an allegation that defendant ignored a prisoner's letter of protest and request for

---

[3] Fogle makes no mention of this issue in his Reply Brief to Ortiz's Motion to Dismiss.

investigation is insufficient to hold that official liable for alleged underlying violation). As the

Seventh Circuit Court of Appeals observed in *Crowder v. Lash*,

> The logical import of this theory . . . would be to hold any well informed
> Commissioner of Corrections personally liable for damages flowing from *any*
> constitutional violation occurring at *any* jail within that Commissioner's
> jurisdiction. We believe that such a broad theory of liability is inconsistent with the
> personal responsibility requirement for assessing damages against public officials in
> a section 1983 action.

687 F.2d 996, 1006 (7th Cir. 1982).

Based on the foregoing, I conclude that Fogle has failed to state a claim for relief against

Ortiz in his individual capacity.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Defendant Ortiz' Motion to

Dismiss (filed June 26, 2006) (doc. # 35) be GRANTED and that all claims against Defendant

Ortiz be dismissed. It is further RECOMMENDED that the Joint Defendants' Combined Motion

to Dismiss in Part (filed June 26, 2006) (doc. # 36) be GRANTED and that the claims against the

Joint Defendants' in their official capacities be dismissed.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and

file written objections to the magistrate judge's proposed findings and recommendations with the

Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the

proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver

rule does not apply when the interests of justice require review).

Dated at Denver, Colorado this 8th day of January, 2007.

BY THE COURT:

   s/ Craig B. Shaffer
United States Magistrate Judge