IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01211-PSF-CBS

RONALD JENNINGS FOGLE,

    Plaintiff,

v.

CAPTAIN PIERSON, C.DOC, Committee Member and Chairperson at (D.R.D.C.);
WILLIAM BOKROS, C.DOC, Administrative Head/Director at (D.R.D.C.);
LT. GEORGE MESKIMEN, C.DOC, Initiating Employee at (D.R.D.C.);
FOSNOT, C.DOC, Case Manager, Committee Member at (D.R.D.C.);
S. EGAN, C.DOC, Case Manager, Committee Member at (D.R.D.C.);
LT. NORTON, C.DOC, Programmer at (D.R.D.C.);
UNKNOWN DEFENDANT #1, C.DOC, Correctional Officer at (D.R.D.C.);
UNKNOWN DEFENDANT #2, C.DOC, Correctional Officer at (D.R.D.C.);
UNKNOWN DEFENDANT #3, C.DOC, Correctional Officer at (D.R.D.C.);
JOHN R. CLARKSON, C.DOC, Committee Member at (S.C.F.);
C. WIERZHICKI, C.DOC, Committee Member at (S.C.F.);
McMONAGLE, C.DOC, Case Manager, Committee Member at (S.C.F.);
PAUL WILLIAM, C.DOC, Committee Member at (S.C.F.);
T. CHASE, C.DOC, Administrative Head at (S.C.F.);
NICHELS, C.DOC, Case Manager, Committee Member at (S.C.F.);
M. EMILY, C.DOC, Administrative Head at (S.C.F.);
CATHY SLACK, C.DOC, Administrative Head at (D.S.P.);
V. RIDDLE, C.DOC, Committee Chairperson at (D.S.P.);
J. HUNTER, C.DOC, Case Manager, Committee Member at (C.S.P.);
J. CARROLL, C.DOC, Committee Chairperson at (C.S.P.);
D. COMB, C.DOC, Case Manager, Committee Member at (C.S.P.); and
JOE ORTIZ, C.DOC, Executive Director,

    Defendants.

---

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE
DATED JANUARY 8, 2007**

---

This matter comes before the Court on the Recommendation of the Magistrate Judge entered on January 8, 2007 (Dkt. # 67). In that Recommendation the Magistrate

Judge recommends granting the Motion to Dismiss filed by Defendant Joseph Ortiz on June 16, 2006 (Dkt. # 35) and the Motion to Dismiss in Part filed by the other Defendants on June 16, 2006 (Dkt. # 36).  Plaintiff filed his Objections to the Recommendation on January 19, 2007 (Dkt. # 75).  The matter is ripe for determination.

**BACKGROUND**

Plaintiff, now an inmate in the Crowley County Correctional Facility (*see* Objection at 8), filed his *pro se* complaint in this case on June 22, 2005 (Dkt. # 3), when he was an inmate at the Limon Correctional Facility (*see* Recommendation at 2-3) alleging various constitutional violations occurring during a three-year period when he was held in administrative segregation at different state prisons in Colorado.  The Complaint was dismissed by order of another judge of this district on August 16, 2005 (Dkt. # 12).  Plaintiff appealed from the dismissal of his case and on March 27, 2006, the Tenth Circuit entered its order affirming in part and reversing in part the District Court judgment.  *Fogle v. Pierson*, 435 F.3d 1252 (10th Cir.), *cert. denied*, 127 S.Ct. 675 (2006).  The Recommendation of the Magistrate Judge accurately describes the claims that were remanded to the district court, after which the case was reassigned to the undersigned district judge (*see* Recommendation at 4-6).  The specifics of the remaining claims need not be detailed here, other than as they relate to the pending motions as discussed below.

**THE DEFENDANTS' MOTIONS**

The motion filed by Defendant Ortiz, the Executive Director of the Department of Corrections ("DOC"), seeks dismissal of all claims filed against him, whether asserted

against him in his official or individual capacities.  He asserts the complaint fails to allege a factual basis for suing him in his individual capacity, as it alleges no personal actions by him that violated plaintiff's rights (Dkt. # 35, at 5-8).  He also argues there is no basis to sue him in his official capacity as he has immunity from damages claims and plaintiff is not seeking injunctive relief (*id.* at 4-5).

The motion of the other defendants, employees or former employees of the DOC, seeks dismissal of the claims asserted against them in their official capacities for the same reasons asserted by Defendant Ortiz (Dkt. # 36, at 4-5).

**THE MAGISTRATE JUDGE'S RECOMMENDATION**

As noted above, the Magistrate Judge recommends granting both motions. He finds that the plaintiff's complaint does not allege sufficient facts to hold Defendant Ortiz liable in his individual capacity (Recommendation at 11-13).  He further finds that the Eleventh Amendment provides total immunity against suits for damages and therefore bars plaintiff's claims for monetary damages to the extent they are brought against the defendants in their official capacities (*id.* at 8-9).

He also notes that while the Eleventh Amendment permits a suit against state officials in their official capacities for prospective injunctive relief, plaintiff's complaint "cannot be construed to encompass a request for prospective injunctive relief" as it describes "conduct that occurred entirely in the past" and since plaintiff is no longer in administrative segregation, he is not being subjected to the constitutional violations alleged in his complaint (*id.* at 9-10). He further points out that plaintiff's boilerplate request essentially for "just and proper" relief contained at the conclusion of the

complaint does not convert plaintiff's legal cause of action into a legitimate request for equitable relief (*id.* at 10).  For these reasons, he finds no basis for claims against Defendant Ortiz or the other defendants in their official capacities, and therefore recommends dismissal of such claims (*id.* at 11).

**PLAINTIFF'S OBJECTIONS**

Plaintiff does not object to the dismissal of the claims alleged against Defendant Ortiz in his individual capacity.  He concedes that Defendant Ortiz cannot be held liable in his individual capacity and he asks the Court to dismiss Ortiz in his individual capacity (*see* Objection at 9).  He also does not appear to lodge an objection to the dismissal of monetary claims asserted against defendants in their official capacities, or at best raises no argument against that recommendation.

Plaintiff does assert, however, that the official capacity claims against all the defendants should not be dismissed because they are responsible for the constitutional violations against plaintiff (*id.* at 9-10).  He argues that notwithstanding what the Magistrate Judge states, his complaint is seeking injunctive relief relating to the DOC's policy of denying earned time credits when an inmate is confined in administrative segregation, as plaintiff had been (Objections at 3-8).

**ANALYSIS**

Although the Magistrate Judge's Recommendation does not expressly address plaintiff's argument regarding denial of earned time, this Court finds the argument unpersuasive as a reason to deny the motions to dismiss.

First, although plaintiff's Objections articulate a theory for seeking injunctive relief, there is no specific language in the complaint that amounts to a request for any injunctive relief at all, as the Magistrate Judge did find, and certainly none seeking prospective injunctive relief.  Second, even if the complaint were construed to be a request for a mandatory and prospective injunction against defendants seeking an order "restoring" earned time credits to plaintiff, the decision of the Tenth Circuit displaces such a claim as it has already found such a request to be frivolous and properly dismissed.  *See Fogle, supra*, 435 F.3d at 1262  ("Fogle contends that his due process rights were violated when he was denied the opportunity to earn "earned time" credits while in administrative segregation.  This claim was properly dismissed as frivolous, as Fogle has no constitutionally-protected liberty interest in earning the credits.").  Third, even if plaintiff's complaint was construed to be seeking an injunction precluding the DOC policy from being applied to him, his claims would be subject to dismissal as he is no longer in administrative segregation and he is not being subjected to the constitutional violations he alleges, as the Magistrate Judge found.  Finally, although plaintiff argues at 9 of his Objections that leaving this issue "unaddressed could result in Plaintiff" being place in administrative segregation again where he would once again lose the opportunity to earn "earned time credits," that hypothetical possibility is not sufficient to support a claim for prospective injunctive relief given the decision already made by the Tenth Circuit in this case.

**CONCLUSION**

For the reasons set forth above, the Recommendation of the Magistrate Judge (Dkt. # 67) is accepted.

The Motion to Dismiss filed by Defendant Joe Ortiz on June 16, 2006 (Dkt. # 35) is GRANTED.

The Motion to Dismiss in Part filed by the other Defendants on June 16, 2006 (Dkt. # 36) is GRANTED.

Plaintiff's Objections to the Recommendation of the Magistrate Judge (Dkt. # 75 ) are OVERRULED.

All claims asserted against any defendant in his or her official capacity are DISMISSED with prejudice.

All claims asserted against Defendant ORTIZ are DISMISSED with prejudice.

Dated: January 29, 2007

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge